## David Sears *versus* The City of Boston.

The plaintiff entered into a contract with the defendants, by which it was agreed, that the defendants should remove a bank of gravel from the land of the plaintiff, and pay him therefor at the rate of one dollar a square, but that they should not pass across the plaintiff's land in effecting such removal. The defendants obtained a li ense to cross the adjoining land, over which it became necessary to pass in rem·ving the gravel; but after a portion thereof was removed the license was revoked. The plaintiff thereupon offered to permit the defendants to pass over his own land; but it appeared that this would be attended with great expense to them. The Court refused to compel a specific performance of the contract by the defendants, on the grounds, that the performance had become unlawful by the revocation of the license, and that the plaintiff had a plain, adequate and complete remedy at law.

BILL in equity for the specific performance of a contract. The bill set forth that the plaintiff entered into a contract with the defendants, dated December 1, 1828, by which it was agreed, that the defendants should, within one year, remove a bank of earth and gravel from certain land in Boston, belonging to the plaintiff, so that it should be even with the top level of Somerset court throughout the whole width of the land, they being at the risk of the damage which the digging and removing thereof might occasion to the abutters on the land and all other persons, that they should indemnify the plaintiff against all damage and trouble, and provide themselves with a cartway to the bank, so as not to pass through the plaintiff's land in effecting such removal, and that they should pay to the plaintiff on demand, one dollar for every square of gravel so removed; that the contract was only partially performed ; that the defendants paid the plaintiff for 432 squares, but left about one fourth part thereof on the land ; that the bank was not levelled to the top level of the court, but large masses of the bank remained ; and that the plaintiff had demanded a specific performance of the contract.

The answer alleged, that 333 squares had been removed ; that this was all that could be safely, reasonably and lawfully removed without committing a trespass upon the adjoining lands ; that the abutters objected to the further removal of the earth and gravel ; that they could not be removed directly by a public highway, but that it was necessary to transport

them over the land of one Jackson, who withdrew his con‧ sent, and refused to permit the defendants to cart any more over his land ; that the defendants had done all that they reasonably could do, and had offered to pay damages for the rest ; and that there was good remedy at law, &c.

To this answer there was a general replication.

It appeared that the plaintiff offered to permit the defend ants to pass through his own land, in order to remove the gravel ; but that this would have been attended with a great increase of expense to them.

*March 20th.*   *Parker*, for the plaintiff.

*J. Pickering*, for the defendants, was stopped by the Court

*March 23d.*   SHAW C. J. delivered the opinion of the Court.   It is an established rule, founded upon the plainest principles of equity and propriety, that the court will not enforce the specific performance of a contract, where through inadvertence, or mistake, or by the intervention of unforeseen causes, the per- formance becomes impossible or unlawful ;   *Howell* v. *George*, 1 Madd. R. 1 ;   *Green* v. *Smith*, 1 Atk. 57 ; or where the actual performance will be attended with injurious conse- quences, and where the failure can be perfectly compensated for in damages.   Trying the complainant's case by these rules, the Court are of opinion, that he is not entitled to the equitable relief sought in this bill.   It appears satisfactorily to the Court, that the performance became impossible by the revocation of the license, by which the agents of the city were allowed to pass and repass to and from the plaintiff's premises to remove the gravel and earth, which were the sub- ject of the contract ; and the city had no power to require their agents to do an unlawful act, by committing a trespass in passing over lands of others without license.   The city agreed to provide a passage way to and from the premises over lands other than the plaintiff's, and if it became impos- sible for them to do so, to whatever extent they might become responsible in damages, the contract could not be specifically performed.   The offer of Sears to permit them to pass over grounds of his own, did not vary the case, because it would be executing a contract essentially different from the one made, and would be attended with great expense.

But the other answer is decisive ; that for whatever damage the plaintiff has sustained, he has a remedy at law, at once plain, adequate and complete. He seeks indemnity. Compensation in money is a perfect satisfaction. It is a case peculiarly fit for that remedy. The plaintiff sold the earth and gravel as a marketable commodity ; he received compensation for the quantity measured, though part only was taken away ; the exigency, for which the city required it, has passed ; before taking down the whole bank the agents of the city were apprehensive that further excavation would be injurious to the adjacent estates, and might be attended with ruinous consequences. If the plaintiff sustained any damages oy the noncompletion of the contract, it might be fully compensated in damages, and therefore, we think it was better to stop, and thus compensate the plaintiff, than to proceed and do what might have been an irreparable injury to others. It is not therefore a case, where the plaintiff has not a plain and adequate remedy at law ; and the bill must stand dismissed, with costs.